UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:15-CR-190-1 |
| | § | |
| RICKY GALVAN | § | |

**FINDINGS AND RECOMMENDATION**
**ON PLEA OF GUILTY**

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On March 27, 2015, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count One (1) pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

  1. The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

  2. The defendant was advised that the indictment charged a violation of Title 18, United States Code, Section 472. The defendant was advised that this section of Title 18 makes it unlawful for any person to possess counterfeit currency of the United States with the intent to defraud.

3.     The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent.  The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4.     The defendant was advised that the United States must prove the following elements: (1) That the defendant possessed, passed, uttered, published, or sold counterfeit money; (2) That the defendant knew at the time that the money was counterfeit; and (3) That the defendant possessed, passed, uttered, published, or sold the counterfeit money with the intent to defraud, that is, intending to cheat someone by making that person think the money was real.

5.     The defendant was advised that the maximum possible sentence included a prison term of up to twenty years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The defendant also was advised that even if the defendant received the maximum two year sentence for violation of supervised release, if the defendant had not completed the full term of supervised release, the defendant could be re-released to supervised release, and if revoked again, the defendant could receive up to a two year sentence again.  The defendant was advised that this could happen multiple times until the defendant had completed serving the full term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction and that the defendant may have to pay restitution.

6.     The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7.     The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend maximum credit for acceptance of responsibility, a sentence within the applicable guideline range as decided

by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing. If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1. The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8. The defendant was further advised that the plea agreement contained a waiver of the defendant's right to appeal and to file any petitions collaterally challenging the conviction and sentence. Although the defendant may file a 2255 motion raising a claim of ineffective assistance of counsel. The defendant stated the defendant had discussed these matters with defense counsel and the defendant understood and was knowingly waiving the right to appeal the conviction and sentencing decision of the District Court and the right to file a petition collaterally challenging his conviction pursuant to 28 U.S.C. § 2255.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of possessing counterfeit money with the intent to defraud in violation of Title 18, United States Code, Section 472 as alleged in Count One (1) of the Indictment. When questioned about the guilty plea, the defendant agreed with the factual basis provided by the Assistant U.S. Attorney and further admitted to the elements of the offense. The defendant admitted that on the date

alleged in the indictment and in the Southern District of Texas: (1) That the defendant possessed counterfeit money; (2) That the defendant knew at the time that the money was counterfeit; and (3) That the defendant possessed the counterfeit money with the intent to defraud, that is, intending to cheat someone by making that person think the money was real.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Count One (1) of the indictment.

Respectfully submitted this 27th day of March, 2015.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*